E-FILED; Prince George's Circuit Court
Docket: 5/21/2026 4:04 PM; Submission: 5/21/2026 4:04 PM
Envelope: 26584245

MT

| | |
|---|---|
| **JEAN PAUL ENRIQUEZ**<br>**7491 Covent Wood Court**<br>**Annandale, VA 22003**<br><br>***Plaintiff***<br><br>**v.**<br><br>**UBER TECHNOLOGIES, INC.**<br>**and**<br>**RASIER, LLC**<br>**1725 3rd Street**<br>**San Francisco, CA 94158**<br><br>**SERVE ON:**<br>**THE CORPORATION TRUST INCORPORATED**<br>**2405 York Road, Suite 201**<br>**Lutherville-Timonium, MD 21093**<br><br>**and**<br><br>**AHMAD HABIBI**<br>**address unknown**<br><br>***Defendants*** | **IN THE**<br><br>**CIRCUIT COURT**<br><br>**FOR PRINCE GEORGE'S COUNTY**<br><br>**CASE NO:** C-16-CV-26-003126 |

## COMPLAINT

**COMES NOW** Plaintiff Jean Paul Enriquez, by and through counsel, Sabrina Johnson Turner and Morgan & Morgan P.A., and files this Complaint against Defendants Uber Technologies Inc., and Rasier, LLC., and Ahmad Habibi and states as follows:

## THE PARTIES

1. Plaintiff Jean Paul Enriquez (hereinafter "Plaintiff" or "Enriquez") resides at 7491 Covent Wood Court, Annandale, VA 22003.
2. Defendants Uber Technologies, Inc. and Rasier, LLC (hereinafter "Defendant" or "Uber") is a foreign corporation that operates and facilitates a transportation network/rideshare platform, including in Prince George's County, Maryland. Uber may be served through its registered agent at 2405 York Road, Suite 201, Lutherville-Timonium, MD 21093.

3. Defendant Ahmad Habibi (hereinafter "Defendant" or "Habibi") is an individual who, upon information and belief, was in Prince George's County, MD operating a vehicle through the Uber platform at the time of the collision. Plaintiff presently lacks Defendant Habibi's residential address and will supplement service information upon discovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and this action pursuant to §6-102 and §6-103 of the Maryland Code Courts & Judicial Proceedings Article.
5. The Circuit Court for Prince George's County, Maryland, is the correct venue pursuant to §6-202 of the Maryland Code Courts & Judicial Proceedings Article.
6. Maryland law governs this action.

## FACTUAL ALLEGATIONS

7. On or about April 30, 2025, Plaintiff Jean Paul Enriquez was a restrained back-seat passenger in an Uber vehicle traveling near Oxon Hill Road and I-495 in Oxon Hill, Prince George's County, Maryland.
8. Defendant Habibi at this same time was operating the Uber vehicle in which Plaintiff was a passenger.
9. Defendant Habibi negligently traveled at an excessive speed, failed to maintain a proper lookout, failed to slow the vehicle, failed to maintain a proper or safe distance, and negligently collided with the rear of another vehicle.
10. As a direct and proximate result of that collision, Plaintiff suffered bodily injury.
11. At all times material to this action, Defendant Uber operated, managed, and facilitated a transportation network/rideshare platform through which Defendant Habibi was authorized to receive ride requests and provide transportation services to passengers using the Uber platform.
12. At all times material to this action, Defendant Habibi was operating a motor vehicle in connection with the Uber platform, including while logged into, available through, dispatched by, and

completing transportation services arranged through Defendant Uber, and was acting within the scope of his actual or apparent agency relationship with Defendant Uber.

13. This incident occurred through no fault of Plaintiff.

**COUNT I**
(Enriquez v. Habibi – Negligence)

14. Plaintiff incorporates each and every paragraph above as if fully set forth herein.

15. At all times relevant, Plaintiff acted carefully, reasonably, and prudently, and exercised due care and caution while riding as a passenger in Defendant Habibi's vehicle.

16. Defendant Habibi had a duty to maintain a proper lookout, to maintain proper control over the vehicle, to operate the motor vehicle at a reasonable and prudent speed under the conditions, to pay full time and attention to driving, to operate the vehicle safely, and to obey the traffic regulations in force in Prince George's County, Maryland.

17. Notwithstanding the aforesaid duties, Defendant Habibi was negligent. Defendant failed to maintain a proper lookout, failed to maintain proper control over the vehicle, failed to operate the vehicle at a reasonable and prudent speed under the conditions, failed to pay full time and attention to driving, failed to operate the motor vehicle safely, and operated the vehicle in violation of the traffic regulations in force in Prince George's County, Maryland, with the result that Defendant Habibi rear-ended another vehicle while Plaintiff was a passenger in Defendant's vehicle.

18. Defendant Habibi owed Plaintiff a duty of care to operate a vehicle in a proper fashion and breached this duty of care by failing to operate a vehicle in a safe and proper manner.

19. As a direct and proximate result of the negligence of Defendant Habibi, Plaintiff sustained serious, painful, and permanent bodily injuries. Plaintiff's bodily injuries have in the past and will continue to result in pain and suffering, disfigurement, disability, impairment, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, medical care and treatment expenses, loss of earnings, and the loss of the capacity to earn money.

20. All of the foregoing injuries, damages, and losses were the result of the carelessness, recklessness, and negligence of Defendant Habibi and were not, in any way, attributable to the Plaintiff, who at all times exercised due care and was not in any way negligent or contributorily negligent, either directly or indirectly.

**COUNT II**

(Enriquez v. Uber – Respondeat Superior/Vicarious Liability)

21. Plaintiff incorporates each and every paragraph above as if fully set forth herein.

22. At the time of the subject collision, Defendant Habibi was operating a motor vehicle in connection with transportation services arranged, facilitated, and/or insured through Defendant Uber and its rideshare platform.

23. At the time of the subject collision, Defendant Habibi negligently operated the motor vehicle by negligently striking another vehicle, thereby causing the subject collision and injuries to Plaintiff, who was a passenger in the vehicle operated by Defendant Habibi.

24. Defendant Uber is vicariously liable and/or otherwise legally responsible for the negligent acts and omissions of Defendant Habibi arising from his operation of a motor vehicle in connection with transportation services arranged, facilitated, and/or insured through Defendant Uber and its rideshare platform.

25. As a direct and proximate result of the negligence for which Defendant Uber is vicariously liable and/or otherwise legally responsible, Plaintiff sustained serious, painful, and permanent bodily injuries. Plaintiff's bodily injuries have in the past and will continue to result in pain and suffering, disfigurement, disability, impairment, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, medical care and treatment expenses, loss of earnings, and the loss of the capacity to earn money.

**WHEREFORE**, Plaintiff Jean Paul Enriquez brings this action and demands judgment in an amount greater than Seventy-Five Thousand Dollars ($75,000.00) against Defendants Uber Technologies Inc. and

Rasier, LLC., and Defendant Ahmad Habibi, plus interest, costs of this suit, and such other and further relief as the Court may find appropriate.

Respectfully submitted,

Sabrina Johnson Turner
CPF No. 1012160217
Morgan & Morgan P.A.
250 W. Pratt Street, Suite 1400
Baltimore, MD 21201
Office: 410-946-8446
Cell: 443-897-3200
Fax: 443-256-4094
sabrina.turner@forthepeople.com
*Counsel for Plaintiff Jean Paul Enriquez*

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury as to all issues.

Sabrina Johnson Turner
CPF No. 1012160217

**CERTIFICATE OF ADMISSION**

I hereby certify, pursuant to §1-313 of the Maryland Rules, Annotated Code of Maryland, that I am admitted to practice law in the State of Maryland.

Sabrina Johnson Turner
CPF No. 1012160217

**CERTIFICATE OF RESTRICTED INFORMATION**

I hereby certify, pursuant to §20-201 of the Maryland Rules, Annotated Code of Maryland, that this submission does not contain any restricted information as defined by Maryland Rule 20-201(f).

Sabrina Johnson Turner
CPF No. 1012160217